UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
TAIBIKA DAWSON,                         :
                                        :
            Petitioner,                 :
                                        :
    v.                                  :    Civil Action No. 11-2593 (JAP)
                                        :
UNITED STATES OF AMERICA                :    **OPINION**
                                        :
            Respondent.                 :
_____:

      This matter comes before the Court by way of a Motion by *pro se* Petitioner Taibika Dawson for an extension of time to file a Potion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.

      As amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 contains a one-year statute of limitations. This one-year period runs from the latest of the following four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Based on the facts presented by Dawson's Motion, only the first is relevant to the instant matter.

      "[A] 'judgment of conviction becomes final' within the meaning of § 2255 on the later of

(1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendants time for filing a timely petition for certiorari review expires." *Kapral v. U.S.*, 166 F.3d 565 (3d Cir. 1999).   The Third Circuit affirmed Dawson's conviction on April 16, 2009, and granted a request by Dawson to file an untimely motion for rehearing on July 8, 2009.   The Circuit denied his motion for rehearing on November 12, 2009.   Thus, Dawson's judgment of conviction became final on February 10, 2010, the day his time to file a petition for a writ of certiorari expired.  Sup. Ct. R. 13 (if the circuit court entertains an untimely motion for rehearing, a petition for writ of certiorari must be filed within 90 days of from the date of denial of rehearing).   Consequently, the last day for Dawson to timely file his § 2255 motion was February 10, 2011.   Dawson's papers are dated April 19, 2011, and the Court shall consider Dawson's § 2255 motion filed as of that date. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998) (*pro se* prisoner's habeas petition is deemed filed "the moment he delivers it to prison officials for mailing.").

   A district court may grant an extension of time to file a § 2255 motion only if (1) the moving party requests the extension upon or after filing a § 2255 motion; and (2) where equitable tolling of the statute of limitations applies.  *Anderson v. Pa. Attorney Gen.*, 82 Fed. Appx. 745, 749 (3d Cir. 2003) (applying *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001)).   Dawson filed his motion for an extension of time along with his § 2255 motion, so he has satisfied the first element.   Thus, the question for this Court is whether application of equitable tolling is appropriate.

   "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89, 96 (1990)).  Equitable tolling is a remedy which should be invoked "only sparingly."  *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998) (quoting *Irwin*, 498 U.S. at 96).

Dawson alleges that immediately after the Third Circuit's November 2009 decision affirming his conviction, he began researching and preparing his § 2255 Petition.  However, Dawson alleges that for the next fifteen months the institution in which he was held was "constantly in and out of institutional lock down," and as a result, he was unable to devote a significant amount of time to research relating to his motion in the law library.  Records submitted by Dawson show that the institution was in lockdown status for approximately 51 days (February 20, 2010 to April 12, 2010)[1] at the very beginning of the applicable one-year limitations period, which began running on February 10, 2010, when Dawson's judgment of conviction became final.  Mot. for Ext. of Time 4-18 [docket entry no. 2].  The records show another lockdown occurred on or about August 7, 2010.  *Id.* at 19.

In early 2011, Dawson was transferred to a different facility, and was in transit from December 30, 2010 to February 10, 2011.  *Id.* at 3 (April 12, 2011 Memorandum from D. Bedore).  As a result of the transfer, Dawson did not have access to his property or legal materials until March 4, 2011.  *Id.*  On March 4, 2011, Dawson wrote a letter to the Court advising of the foregoing circumstances and of his intention to file a § 2255 motion.  He alleges that his filing was then further delayed because he had a "previous version" of a § 2255 motion form; he requested an updated form from the Clerk on March 22, 2011.  His new institution was also placed in lockdown status in late March 2011.  *See* Mot. for Ext. of Time 20-21 [docket entry no.

---

[1] While Dawson provides evidence of other periods of lockdown status, these occurred during time periods not relevant to the instant Motion, *e.g.*, 2009.

3

2] (March 26, 2011 Memorandum from R. A. Perdue).

The Court is mindful that it must grant equitable tolling "only sparingly." *Midgley*, 142 F.3d at 179 (quoting *Irwin*, 498 U.S. at 96). However, Dawson's records show that he was unable to access any legal materials for over two months in early 2011, during which time his statute of limitations ran out. Denying this Motion for an Extension would, therefore, effectively penalize Dawson for failing to file his Petition almost two months before the deadline. Dawson had already lost a significant amount of time to institutional lockdown at the beginning of the statute of limitations period in early 2010. The time that Dawson was deprived of access to necessary legal materials therefore constitutes an "extraordinary circumstance." *Pace*, 544 U.S. at 418. Finally, the short period of time that elapsed between his regaining access to legal materials and the filing of his Petition and this Motion supports Dawson's claim that "he has been pursuing his rights diligently." *Id.* Therefore, this Motion is granted, and the accompanying Petition will be considered timely filed. An Order granting this Motion and a Miller Order follow.

                                                                s/ Joel A. Pisano
                                                                 JOEL A. PISANO
                                                                 United States District Judge

Dated: November 15, 2011